IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

MICHAEL JOHNSON,

    Petitioner,

v.           CIVIL ACTION NO.   6:12-cv-00632
                (Criminal No. 6:09-cr-00205)

UNITED STATES OF AMERICA,

    Respondent.


**MEMORANDUM OPINION AND ORDER**

  Pending is a letter-form motion filed by Petitioner Michael Johnson, docketed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") on March 2, 2012. This action was previously referred to former United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation for disposition ("PF&R"). On December 3, 2012, Petitioner filed a motion for default judgment due to the United States' alleged failure to respond to his § 2255 motion. On January 2, 2013, the Magistrate Judge submitted her PF&R recommending that this Court deny Petitioner's § 2255 motion, deny his motion for default judgment, and dismiss this action from the Court's docket. Petitioner has filed timely objections to the PF&R for this Court's consideration.

         I.  BACKGROUND

  On December 3, 2009, Petitioner appeared before this Court and entered a plea of guilty to Count Six of an eight-count Indictment charging him with being a felon in possession of a firearm

in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   As a condition of his plea, Petitioner agreed to waive the right to challenge his guilty plea, conviction, or sentence by collateral attack, unless based upon a claim of ineffective assistance of counsel.   (ECF 16 at 5.)[1]

The presentence investigation report ("PSR") prepared in anticipation of Petitioner's sentencing recommended a two-point criminal history enhancement because Petitioner was "under" a prior criminal justice sentence when he committed the instant offense.  U.S.S.G. § 4A1.1(d).   Under § 4A1.1(d), two additional criminal history points must be added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."   A "criminal justice sentence" is defined as a sentence countable under § 4A1.1 having a custodial or supervisory component.  U.S.S.G. § 4A1.1 cmt. n. 4.   The facts underlying this enhancement are as follows.   On March 30, 2005, Petitioner pled guilty in Arkansas state court to charges of manufacturing marijuana and possessing marijuana with intent to deliver.   The Arkansas judge suspended the imposition of Petitioner's sentence for five years for good behavior.[2]   On February 16, 2006, a petition to revoke the suspended sentence was filed and a bench warrant was issued. The warrant was active at the time of Petitioner's arrest for felon in possession charges.

Petitioner objected to the imposition of this enhancement during the sentencing hearing held in this case on March 24, 2010.   Petitioner argued that his suspended Arkansas sentence did not constitute a "criminal justice sentence" under § 4A1.1(d) because it lacked a custodial or supervisory component.   This Court overruled the objection and applied the enhancement,

---

[1] All docket references are to Petitioner's criminal action, Case No. 6:09-cr-00205.
[2] Because these convictions were not separated by an intervening arrest and the sentences were imposed on the same day, the PSR treated them as a single sentence.  U.S.S.G. § 4A1.2(a)(2); (*See* Criminal Action No. 6:09-cr-00205, ECF 28-1 (documentation of Arkansas convictions).)

2

reasoning that Petitioner's suspended sentence was akin to a term of unsupervised probation, which, as the Guidelines recognize, satisfies the "supervisory component" requirement. The enhancement raised Petitioner's criminal history score from two to four and his criminal history category from II to III. Petitioner did not appeal, and no further action occurred in this case prior to the filing of the instant § 2255 motion.

## II. PF&R AND OBJECTIONS

Petitioner's § 2255 motion arises from his continued objection to the Court's imposition of the § 4A1.1(d) enhancement at his sentencing. In that motion, Petitioner relies on a recent Fourth Circuit decision, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), to argue that his Arkansas convictions should not have been used to enhance his criminal history score because they did not result in at least one year of incarceration. Apparently due to his reliance on *Simmons*, a decision which addressed the requirements for a predicate felony conviction under the Controlled Substances Act, Petitioner operates under the mistaken belief that he was sentenced as a career offender. The Magistrate Judge adopted this inaccurate assumption in her PF&R. After first noting that Petitioner's motion was untimely, the Magistrate Judge went on to address and recommend the dismissal of his arguments as unmeritorious.

In his objections to the PF&R, Petitioner raises two novel contentions that were not presented to the Magistrate Judge. First, he argues that because he never served any time in prison for the Arkansas convictions, he was not a felon at the time of his commission of the instant offense and is therefore "actually innocent" of the offense to which he pleaded guilty. Next, he claims that his Arkansas convictions do not qualify as the two predicate convictions required by the career offender guideline because they are related cases not separated by an intervening arrest.

3

### III.     STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### IV.     DISCUSSION

The Court has conducted a de novo review of the record and, as a preliminary matter, finds that Petitioner's claims warrant dismissal because they have been waived and are untimely. With regard to waiver, the Court finds that Petitioner's § 2255 motion is barred by the appeal waiver in his written plea agreement. Petitioner waived, as part of his guilty plea, the right to collaterally challenge his conviction or sentence on any ground except ineffective assistance of counsel. This waiver included motions brought under 28 U.S.C. § 2255.[3] (ECF 16 at 5.) Petitioner's motion is also time-barred. A one-year period of limitation applies to § 2255 motions and, barring circumstances not applicable here, begins to run on "the date on which the judgment of conviction

---

[3] Though Petitioner does not label his letter-form motion as a request for relief under § 2255, "whether a motion is made under § 2255 should be determined by reference to the relief sought in the motion rather than what label the movant uses." *Adams v. United States*, 155 F.3d 582, 583 n.1 (2d Cir. 1998). Petitioner's argument that his sentence was imposed in violation of Fourth Circuit law brings his letter-form motion within the reach of this statute. By notice dated March 2, 2012, Petitioner was given notice that his letter-form motion would be construed as a motion brought pursuant to § 2255.

becomes final." 28 U.S.C. § 2255(f). Since Petitioner did not appeal, the one-year statute of limitations began to run on April 7, 2010, the day the judgment order was entered, and expired on April 7, 2011. Petitioner did not file his § 2255 motion until March 2, 2012.

Nevertheless, and particularly for the purpose of making the record clear, the Court will address the merits of Petitioner's contentions. Petitioner's § 2255 motion in essence contends that this Court erred in using the § 4A1.1(d) enhancement to increase his criminal history score from two to four points. Petitioner does not contest that he was "under" a criminal justice sentence at the time of his commission of the instant offense. Instead, he believes that under *Simmons*, the enhancement applies only if the defendant's prior criminal justice sentence resulted in a term of incarceration of at least one year. This was not *Simmons'* holding and, despite Petitioner's assertions, *Simmons* has no applicability to his case.

*Simmons* held that a defendant's prior North Carolina conviction for non-aggravated, first time marijuana possession was not an offense "punishable by imprisonment for a term exceeding one year," and therefore did not qualify as a predicate felony offense for purposes of the Controlled Substances Act. 649 F.3d at 243. From this holding, Petitioner extrapolates that since his Arkansas convictions did not result in a sentence of imprisonment, they were improperly used as predicate controlled substance offenses under the career offender guideline. His conclusion is erroneous for two reasons.

To begin, Petitioner was not sentenced as a career offender.[4] The Magistrate Judge

---

[4] To underscore this point for Petitioner's benefit, the Court notes that Petitioner's Arkansas convictions counted as only one prior felony conviction for Guidelines purposes. *See* U.S.S.G. §§ 4A1.2(a)(2), 4B1.2(c). The career offender guideline requires two predicate felony convictions for either a controlled substance offense or a crime of violence. U.S.S.G. § 4B1.1(a). Further, although the § 4A1.1(d) enhancement increased Petitioner's criminal history category

5

incorrectly treats Petitioner as a career offender and thus devotes much of the PF&R to an unnecessary analysis of the *Simmons* decision. Fundamental differences between the career offender guideline and the § 4A1.1(d) enhancement also frustrate Petitioner's attempts to analogize *Simmons*. The career offender guideline is triggered in part by "two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). In contrast, the § 4A1.1(d) enhancement applies if the defendant committed the offense of conviction while under *any* "criminal justice sentence," so long as the sentence has a custodial or supervisory component. U.S.S.G. § 4A1.1(d) cmt. n. 4. It includes both misdemeanor and felony convictions.[5] *See* U.S.S.G. § 4A1.2(a)(1) (defining the term "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense.").

The Court has likewise considered Petitioner's assertion, raised for the first time as an objection to the PF&R, that he is "actually innocent" of being a felon in possession of a firearm. Petitioner contends that because he never served any time in custody for his Arkansas conviction, he was not a felon at the time of the indictment in this case. He is incorrect. The provisions of 18 U.S.C. § 922(g)(1) do not require that the defendant's prior sentence involve actual prison time in excess of one year. Whether or not the offender served any time in prison at all is irrelevant.

---

from Category II to Category III, the career offender guideline imposes a criminal history category of VI. U.S.S.G. § 4B1.1(b).

On this basis, the Court also **OVERRULES** a related objection Petitioner lodges to the PF&R. Petitioner argues that his Arkansas convictions should not have qualified as the two predicate felony convictions needed to trigger application of the career offender guideline because though he pled guilty to two separate charges, the offenses were related and were not separated by an intervening arrest. As this objection similarly rests on Petitioner's inaccurate conclusion that he was sentenced as a career offender, his argument is irrelevant.

[5] This is not to say that Petitioner's Arkansas convictions were for misdemeanor offenses; rather, the Court highlights this fact merely to emphasize that *Simmons* has no bearing on this case.

6

Rather, the felon in possession statute criminalizes the possession of a firearm by any person "who has been convicted in any court of, a crime *punishable* by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (emphasis added).

Petitioner cannot legitimately contend that his Arkansas conviction was not *punishable* by a prison term exceeding one year.[6] At issue is the term of imprisonment that Petitioner potentially faced as a result of his Arkansas plea, not the amount of time he actually served. As alleged in the Indictment, Petitioner's predicate felony offense included convictions for manufacturing marijuana and possession of marijuana with intent to deliver in violation of Arkansas Code § 5-64-401. Under Arkansas law, these offenses were Class C felonies punishable by between three to ten years in prison. (*See* Criminal Action No. 6:09-cr-00205, ECF 28-1 (setting forth the written documentation of Petitioner's Arkansas conviction).) Petitioner's objection to the PF&R on the basis of his actual innocence is therefore **OVERRULED**.

The Court adopts the Magistrate Judge's recommendation to deny Petitioner's motion for default judgment. As fully explained by the PF&R, the Government was not ordered to respond to Petitioner's § 2255 motion and is not in default.

V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's § 2255 motion [ECF 39], **DENIES** Petitioner's motion for default judgment [ECF 48], **OVERRULES** Petitioner's objections, **ADOPTS** the PF&R to the extent it is consistent with this Memorandum Opinion and Order, and **DISMISSES** this matter from the Court's docket.

---

[6] Petitioner's reliance on *Shaya v. Holder*, 586 F.3d 401 (6th Cir. 2009), does not improve his position. *Shaya* involved the interpretation of 8 U.S.C. § 1101(a)(43)(f), an immigration statute not at issue here.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    December 17, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE